## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## (BID PROTEST)

| | |
|---|---|
| PlanetSpace, Inc., | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : Case No. 09-99 C |
| The United States | : Senior Judge Robert H. Hodges, Jr. |
| Defendant. | : |
| | : |
| | : |
| | : |

## MEMORANDUM IN SUPPORT OF ORBITAL SCIENCES CORPORATION'S
## UNOPPOSED MOTION TO INTERVENE

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"),

Orbital Sciences Corporation ("Orbital"), respectfully submits this memorandum in support of its

Unopposed Motion to Intervene.  Orbital seeks to defend the written finding of the National

Aeronautics and Space Administration ("NASA"), under the Competition in Contracting Act, 31

U.S.C. § 3553(d)(3)(C)(i)(II), that urgent and compelling interests that significantly affect the

interests of the United States require Orbital to begin performance of its responsibilities under

the International Space Station ("ISS") Commercial Resupply Services ("CRS") Contract. *See* 48

C.F.R. ("FAR") § 33.104(c)(ii).  Counsel for Orbital has conferred with counsel for Defendant,

United States, counsel for Plaintiff, PlanetSpace and counsel for prospective intervenor, Space

Exploration Technologies Corp. ("SpaceX"), all of whom consent to Orbital's intervention in

this case.

Orbital is entitled to intervene as a matter of right under Rule 24(a)(2) because it is the

successful offeror for one of the CRS contracts at issue and therefore has an interest in the

subject of the case such that "disposing of the action may as a practical matter impair or impede

[Orbital's] ability to protect its interest." RCFC 23(a)(2).  In the alternative, this Court should exercise its discretion and permit Orbital to intervene under Rule 24(b) because the defenses to be raised by Orbital "share[] with the main action a common question of law or fact." RCFC 24(b).

## I.   BACKGROUND

On April 14, 2008, NASA issued a solicitation seeking proposals for commercial space transportation services to supply cargo to the International Space Station for a period of seven years, beginning on January 1, 2009 and ending on December 15, 2015.   The solicitation stated that NASA could award contracts to more than one offeror, and on December 23, 2008, NASA issued awards to both Orbital and SpaceX.  Given that the United States is retiring use of the Space Shuttle in 2010, the purpose of these contracts is to ensure that the United States can continue to provide critical cargo resupplies services to the International Space Station, including supplies of air, water, food, medicine, spare parts, and scientific experiments.

On January 13, 2009, PlanetSpace, an unsuccessful offeror, filed a protest with the Government Accountability Office ("GAO").  The filing of PlanetSpace's protest triggered an automatic stay of contract performance under 31 U.S.C. § 3553(d)(3)(A)(ii).  However, on February 10, 2009, NASA issued written findings pursuant to 31 U.S.C. § 3553(d)(3)(C)(i)(II) and FAR § 33.104(c)(ii), overriding the stay and concluding that urgent and compelling interests that significantly affect the interests of the United States require Orbital and SpaceX to resume performance of the contract.  Among the reasons NASA cited for the override are (1) avoiding costs increases, delays, and the need to launch a massive, and potentially unsuccessful, effort to make up for lost production time caused by the stay; (2) preventing the United States from breaching its obligations under international agreements to provide on-time resupply services; and (3) avoiding the waste of the tens of billions of dollars invested in developing the ISS, both

by the United States and international partners, that would result from being forced to use a skeleton crew due to lack of adequate resupply services.

On February 18, 2009, PlanetSpace filed this action seeking declaratory and injunctive relief from NASA's override determination.

## II.  ARGUMENT

### A.  Orbital Should Be Permitted to Intervene as a Matter of Right

RCFC 24(a)(2) mandates "intervention of right" when a timely motion is presented to this Court by a movant who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

*Id.*  Orbital meets the Rule 24(a)(2) requirements for intervention of right.  As a successful offeror, Orbital has a clear interest in the subject of this action.  Indeed, NASA has funded Orbital's contract in the amount of $10 million through May 2009.  Moreover, intervention of successful offerors is commonplace. *See, e.g.*, *E-Management Consultants, Inc. v. United States*, 84 Fed. Cl. 1, 2 (2008); *Mgmt. Solutions & Sys. v. United States*, 75 Fed. Cl. 820, 824 (2007). As such, this Court's procedures for protest cases anticipate that intervention may be addressed at the initial status conference. RCFC, App. C § IV(8)(b).

Additionally, the disposition of this action may impair or impede Orbital's interest in beginning performance of the CRS contract. As NASA outlined in its written findings, the production cycle for resupply spacecraft is 24 to 27 months. An additional 74-days delay represents a significant loss of the time Orbital needs to assure on-time contract performance. Without intervention, Orbital's interests will not be adequately represented. Although NASA will defend its override determination, only Orbital has the detailed, first-hand knowledge of the specific activities that it must begin performing now in order to assure for a timely launch.

As such, Orbital meets the requirements for intervention of right and respectfully requests that the Court grant its motion.

### B.  The Court Should Exercise its Discretion and Permit Orbital to Intervene

In the alternative, Orbital requests that the Court exercise its discretion and permit Orbital to intervene pursuant to RCFC 24(b).  Such permissive intervention is appropriate on a timely motion when the movant's "claim or defense [ ] shares with the main action a common question of law or fact." *Id*.  In considering whether to exercise its discretion and allow intervention, the Court is to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." RCFC 23(b)(3).

Orbital's defense of NASA's override determination will present questions of law and fact in common with the main action.  As previously explained, NASA found that the United States had urgent and compelling interests in the override for reasons that included ensuring that Orbital is able to begin performance in order to meet established deadlines for CRS missions. The reasons why assuring a timely launch requires that Orbital's spacecraft production activities not be further delayed form a common defense as between Orbital and NASA — a defense to which Orbital will bring unique insights.

Finally, Orbital's participation in these proceedings will cause neither prejudice nor delay to the original parties. As such, Orbital requests that the Court grant its motion to intervene pursuant to RCFC 24(b)(2).

### III.  CONCLUSION

For the reasons stated above, Orbital respectfully requests that the Court grant its motion to intervene.

*Execution page follows.*

Respectfully submitted,


s/ David A. Churchill by s/ Amy L. Tenney
David A. Churchill
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, D.C. 20001
Telephone:  (202) 639-6056
Fax: (202) 637-6370 (protected)

*Of counsel:*
Kevin C. Dwyer
William R. Stoughton
Amy L. Tenney
Daniel E. Chudd
JENNER & BLOCK LLP

Dated:  February 19, 2009

*Counsel of Record for Intervenor,*
*Orbital Sciences Corporation*