IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(BID PROTEST)

| | |
|---|---|
| PLANETSPACE, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Case No. 09-99C <br><br> Senior Judge Robert H. Hodges, Jr. |

**SPACE EXPLORATION TECHNOLOGIES CORPORATION'S
UNOPPOSED MOTION TO INTERVENE**

Pursuant to Rule 24 of the United States Court of Federal Claims, Space Exploration Technologies Corporation ("SpaceX") respectfully moves to intervene in the above-captioned case. Counsel for SpaceX has discussed its motion with counsel for Plaintiff, PlanetSpace, Inc. ("PlanetSpace"), counsel for Defendant, United States, and counsel for prospective intervenor, Orbital Sciences Corporation, all of whom consent to this motion. The grounds supporting SpaceX's intervention are set forth in detail in the attached Memorandum of Points and Authorities.

Dated: February 19, 2009

Of counsel:

Robert A. Salerno
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Washington, D.C. 20006-1888
telephone: 202.887.6930
facsimile: 202.785.7532

Keric B. Chin
K. Alyse Latour
Jeffrey A. Showalter
MORRISON & FOERSTER LLP
1650 Tysons Blvd, Suite 400
McLean, Virginia 22102
Telephone: 703.760.7764
Facsimile: 703.760.7777

Respectfully submitted,

By: _/s/ Richard J. Vacura /RAS_
Richard J. Vacura
MORRISON & FOERSTER LLP
1650 Tysons Blvd, Suite 400
McLean, Virginia 22102
Telephone: 703.760.7764
Facsimile: 703.760.7777

Counsel of Record for Intervenor
Space Exploration Technologies
Corporation

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## (BID PROTEST)

| | |
|---|---|
| PLANETSPACE, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Case No. 09-99C <br><br> Senior Judge Robert H. Hodges, Jr. |

## MEMORANDUM IN SUPPORT OF SPACE EXPLORATION TECHNOLOGIES CORPORATION'S UNOPPOSED MOTION TO INTERVENE

Pursuant to Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"), Space Exploration Technologies Corporation ("SpaceX") respectfully submits this memorandum in support of its unopposed motion to intervene in the above-captioned case. Counsel for SpaceX has discussed its motion with counsel for Plaintiff, PlanetSpace, Inc. ("PlanetSpace"), and counsel for Defendant, United States, and counsel for prospective intervenor, Orbital Sciences Corporation ("Orbital"), all of whom consent to this motion.

SpaceX, a successful offeror for the Government contract at issue in this case, is entitled to intervene as a matter of right because SpaceX is "so situated that disposing of the action may as a practical matter impair or impede [SpaceX's] ability to protect its interest ..." RCFC 24(a)(2). Alternatively, this Court should exercise its discretion to permit SpaceX to intervene in this case pursuant to RCFC 24(b) because the defenses raised by SpaceX are based on the same questions of law and fact as the main action. *See* RCFC 24(b)(1)(B).

I.

## **BACKGROUND**

The National Aeronautics and Space Administration ("NASA" or the "Government") issued Solicitation Number NNJ08ZBG001R (the "Solicitation") on April 14, 2008, for commercial resupply services ("CRS") to meet the critical cargo needs of the International Space Station ("ISS") beginning in 2010 and the United States' international obligations with respect to the ISS. The critical supplies include air, water, food, clothing, medicine, spare parts and scientific experiments in support of a six person crew on board the ISS. The Solicitation, *inter alia*, called for the following services to be provided: delivery of pressurized and/or unpressurized cargo to the ISS and disposal or return of cargo to NASA from the ISS. The Solicitation contemplated award of a firm-fixed price, indefinite delivery/indefinite quantity contract to one or more successful offerors. The guaranteed minimum dollar value for any resulting contracts would be the negotiated value of 20 metric tons of upmass.

Prospective offerors were required to submit Past Performance proposals by May 27, 2008 and technical and price proposals by June 30, 2008. Five offerors submitted Past Performance proposals by the specified due date, but only three of those offerors thereafter submitted the required technical and price proposals. They were: SpaceX, Orbital and PlanetSpace.

The NASA Source Evaluation Board ("SEB") conducted a detailed evaluation of the initial proposals consistent with the evaluation criteria set forth in the Solicitation. The SEB provided the results of its initial evaluation to the NASA Source Selection Authority ("SSA"), Mr. William Gerstenmaier, and other senior officials on August 28, 2008. Based on the results

of the SEB's evaluation of initial proposal, the SSA determined that all three offerors, SpaceX, Orbital and PlanetSpace, would be included in the Competitive Range. NASA thereafter conducted meaningful written and oral discussions with each of the offerors and directed each of them to submit its Final Proposal Revision. Final proposals were received on November 10, 2008.

The SEB conducted a detailed evaluation of the final proposals again consistent with the evaluation criteria set forth in the Solicitation and presented the results of its evaluation to the SSA on December 15, 2008. In addition, prior to the final source selection briefing, the SEB provided the SSA with a draft final presentation along with all of the supporting backup data.

On December 23, 2008, after carefully considering the results of the SEB's evaluation and the applicable evaluation criteria, the SSA selected two offerors, SpaceX and Orbital. CRS contracts were awarded to SpaceX and Orbital on that date, each with a guaranteed minimum of 20 metric tons ("MT") upmass. Initial task orders were issued to SpaceX for 12 missions for a total price of $1,589,261,925 and to Orbital for 8 missions for a total price of $1,885,450,000.

On January 14, 2009, PlanetSpace took exception to the selection decision and filed a protest with the Government Accountability Office ("GAO"). PlanetSpace's GAO protest triggered an automatic stay of performance of the CRS contracts under the Competition in Contracting Act ("CICA"). *See* 31 U.S.C. § 3553(d)(3)(A).

On February 9, 2009, NASA issued a written determination and finding in accordance with Federal Acquisition Regulation ("FAR") § 33.104(c)(3), 48 C.F.R. § 33.104(c)(3), authorizing performance under both contracts based on urgent and compelling circumstances and notified the GAO of the same.

3

On February 18, 2009, PlanetSpace filed the instant case seeking to set aside and enjoin the decision by NASA to override the automatic stay.

## II.

## ARGUMENT

### A. Intervention Under the Court's Bid Protest Procedures

Appendix C of the RCFC describes the Court's standard practices in protest cases. Section V.12 provides: "The apparently successful bidder/offeror may enter a notice of appearance at any hearing on the application for a temporary restraining order/preliminary injunction if it advises the court of its intention to move to intervene pursuant to RCFC 24(a)(2) or has moved to intervene before the hearing." In addition, Section IV.8(b) provides that the Court will schedule a status conference with the parties to address, inter alia, "admission of the successful offeror as an intervenor." Accordingly, because SpaceX is a successful offeror, intervention is appropriate, especially where, as here, neither Plaintiff nor Defendant objects to the intervention.

### B. Intervention as of Right

RCFC 24(a) provides for "intervention of right" upon the timely application to the court under the following circumstances:

> [when the movant] claims an interest relating to the property or transaction which is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

See RCFC 24(a)(2). SpaceX meets this test for three principal reasons.

4

First, as a successful offeror, SpaceX clearly has an interest in the CRS contracts that are the subject of this action. SpaceX was awarded a CRS contract on December 23, 2008, to provide launch services beginning in December 2010.

Second, the disposition of this action may, as a practical matter, impair or impede SpaceX's ability to protect its interest in the CRS contract. Moreover, any delay in the performance of the contract would impede SpaceX's ability to successfully fulfill mission requirements and result in significant adverse consequences to the ISS program by depriving the ISS of critical supplies. In addition, any such delay would prevent the United States from fulfilling its international obligations, adversely affecting future international space exploration initiatives. Indeed, the reason for the 24-month window between launch order and launch date is to provide sufficient time, *inter alia*, for the launch service provider to produce a launch vehicle, conduct detailed mission integration planning, analyses and testing, develop software and qualification data, and purchase capital equipment and long-lead items. It is during this period that mission success is determined and assured. Any delay to contract performance will impede SpaceX's ability to prepare for the launches beginning in December 2010, and hinder planning and performance of the remaining missions.

Third, absent intervention, SpaceX's interest in the CRS contract would not be adequately represented by any existing parties. Although NASA likely opposes the injunctive relief requested by PlanetSpace, only SpaceX can adequately represent its interest in the CRS program generally and in the launches that are the subject of the instant protest specifically, as well as represent the harm SpaceX will suffer from any equitable relief. Indeed, SpaceX has invested enormous sums of money and resources in its commercial launch services and the CRS program, and only it can represent fully its interests in that investment and the resulting order.

Accordingly, intervention is appropriate. This Court routinely allows awardees to intervene in protests challenging an agency's award or when a protestor seeks to set aside and enjoin an agency's decision to override an automatic stay with respect to such awards. *See, e.g., EOD Technology, Inc. v. United States*, 82 Fed.Cl. 12 (2008); *Management Solutions and Systems, Inc.*, 70 Fed. Cl. 820 (2007). Given the lack of objection, the same result should obtain here.

### C.    Permissive Intervention

In the alternative, RCFC 24(b) provides for "permissive intervention," upon timely application, of anyone who "has a claim or defense that shares with the main action a common question of law or fact." RCFC 24(b)(1)(B). The Court's rules further state that, "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." RCFC 24(b)(3).

SpaceX's opposition to PlanetSpace's request for injunctive relief plainly has questions of law and fact in common with the main action before the Court. *See* RCFC 24(b)(1)(B). Moreover, SpaceX's participation in these proceedings will not unduly delay or prejudice the adjudication of the rights of PlanetSpace or NASA. *Id*. To the contrary, SpaceX's participation in these proceedings will provide the Court with a more complete understanding of the impact of the injunctive relief requested by PlanetSpace and the likelihood of success on the merits of PlanetSpace's action. At a minimum, therefore, the Court should permit SpaceX to intervene pursuant to RCFC 24(b)(1).

## III.

## CONCLUSION

For the foregoing reasons, SpaceX requests that the Court grant its Motion to Intervene.

Dated: February 19, 2009

Respectfully submitted,

By: /Richard J. Vacura/RAS
Richard J. Vacura
MORRISON & FOERSTER LLP
1650 Tysons Blvd, Suite 400
McLean, Virginia 22102
Telephone: 703.760.7764
Facsimile: 703.760.7777

Counsel of Record for Intervenor
Space Exploration Technologies
Corporation

Of counsel:

Robert A. Salerno
MORRISON & FOERSTER LLP
2000 Pennsylvania Avenue, NW
Washington, D.C.  20006-1888
telephone: 202.887.6930
facsimile: 202.785.7532

Keric B. Chin
K. Alyse Latour
Jeffrey A. Showalter
MORRISON & FOERSTER LLP
1650 Tysons Blvd, Suite 400
McLean, Virginia 22102
Telephone: 703.760.7764
Facsimile: 703.760.7777

va-264942